# In the United States Court of Federal Claims

| | |
|---|---|
| SUSHMA ANDREW ALVAR,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 25-cv-1131<br><br>Filed: July 16, 2025 |

**ORDER**

Plaintiff Sushma Andrew Alvar, proceeding *pro se*, alleges a series of crimes and asks the Court to "deport & arrest international & domestic Asian Indians involved in such crimes." ECF No. 1 (Compl.) at 2–3. This Court lacks jurisdiction to hear Plaintiff's claims for two independent reasons. *First*, because Plaintiff fails to cite a money-mandating source of law, and *second*, because the Court lacks authority to grant Plaintiff the relief she seeks. Accordingly, the Court must dismiss Plaintiff's Complaint. *See* Rule 12(h)(3). Put simply, Plaintiff has filed in the wrong court.

**BACKGROUND**

Plaintiff brings claims against various Government agencies, including the Department of Energy (DOE), Department of Transportation (DOT), and the Department of Homeland Security. Compl. at 1. Plaintiff also purports to bring this case on behalf of "The People of the United States of America."[1] *Id.* Plaintiff alleges a series of crimes or bad acts. *Id.* at 2. These include, among

---

[1] Plaintiff cannot bring a claim on behalf of the United States against the United States. *See Taylor v. United States*, No. 25-cv-932, 2025 WL 1589283, at *1 n.1 (Fed. Cl. June 5, 2025). As this Court has explained, "if the United States were both Plaintiff and Defendant, there could be no true controversy" as required by Article III of the United States Constitution. *Id.* (citing

other similar claims, failing to "deport violent illegal Asian Indians," "arrest & report/serve caught violating criminals from India, Kuwait, London, Qatar," or "investigate violent crimes by cyberhackers cloning/stealing invention devices & notebooks of importance to infrastructure & medicine." *Id.* Plaintiff also alleges "murder/ bodily harm of veterans & my daughter." *Id.* As relief, Plaintiff seeks over $10 billion in damages and asks the Court to "deport & arrest international & domestic Asian Indians involved in such crimes" described in Plaintiff's Complaint. *Id.* at 3; ECF No. 1-1.

## APPLICABLE LEGAL STANDARDS

"The Court of Federal Claims is a court of limited jurisdiction." *Marcum LLP v. United States*, 753 F.3d 1380, 1382 (Fed. Cir. 2014). Generally, the Tucker Act defines this Court's jurisdiction. *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). The Tucker Act vests this Court with jurisdiction over any suit against the United States for money damages "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act does not create any "substantive rights" against the United States. *Me. Cmty. Health Options v. United States*, 590 U.S. 296, 322 (2020) (quoting *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009)). Instead, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc).

---

*Richardson v. Ramirez*, 418 U.S. 24, 36 (1974)); *see also Brookfield Relocation Inc. v. United States*, 113 Fed. Cl. 74, 77−78 (2013) (citing *Chi. & Grand Trunk R. Co. v. Wellman*, 143 U.S. 339, 344–45 (1892)). Construing Plaintiff's pleadings liberally, the Court understands Plaintiff to bring claims only on her own behalf. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

This Court must dismiss claims outside its subject matter jurisdiction and "must address jurisdictional issues, even *sua sponte*, . . . whether raised by a party or not." *St. Bernard Par. Gov't v. United States*, 916 F.3d 987, 992–93 (Fed. Cir. 2019); *Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012) (citing Rule 12(h)(3)) ("If the Court of Federal Claims determines that it lacks subject matter jurisdiction, it must dismiss the claim."); Rule 12(h)(3). When considering whether this Court has jurisdiction, this Court "accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). The Court liberally construes complaints filed by *pro se* plaintiffs because *pro se* filings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle*, 429 U.S. at 106). However, *pro se* plaintiffs must still prove by a preponderance of the evidence that this Court has subject matter jurisdiction. *Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023); *see also Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, *pro se* or otherwise, may be excused from the burden of meeting the court's jurisdictional requirements." (italics added)).

## DISCUSSION

The Court must dismiss Plaintiff's Complaint as the Court lacks jurisdiction over Plaintiff's claims for two independent reasons. *First*, Plaintiff fails to "identify a separate source of substantive law that creates the right to money damages." *Fisher*, 402 F.3d at 1172. Rather, without citing any provision of law—let alone a substantive, money-mandating source of law—Plaintiff alleges a series of bad actions or inactions by the Government or Asian Indians.[2] Compl.

---

[2] It is unclear whether Plaintiff alleges that the United States or individuals, such as those Plaintiff seeks to have deported, committed these bad acts. Compl. at 2–3. To the extent Plaintiff seeks relief against anyone but the United States, those claims are dismissed as this Court may only hear "claim[s] against the United States." 28 U.S.C. § 1491(a); *United States v. Sherwood*, 312 U.S.

3

at 2–3. Thus, because Plaintiff does not identify any substantive source of law or, more specifically, a money-mandating source of law, this Court lacks jurisdiction over Plaintiff's claims. *Lofton*, 2025 WL 350360, at *1 ("A plaintiff attempting to sue the United States in the Claims Court first must 'identify a substantive right for money damages against the United States separate from the Tucker Act itself' before the court can address the claim's merits." (quoting *Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004))).[3] Indeed, Plaintiff's only monetary claim is for over $10 billion. ECF No. 1-1. That monetary claim, however, is unsupported by any factual or legal justification in Plaintiff's Complaint, rendering it frivolous.[4] Compl. at 2–3; *see Maat El*

---

584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."); *Lofton v. United States*, No. 24-1959, 2025 WL 350360, at *1 (Fed. Cir. Jan. 31, 2025) ("The United States is the only proper defendant in the Claims Court."); Rule 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Further, many of the bad acts alleged are criminal acts. *See, e.g.*, Compl. at 2 (alleging "murder/bodily harm," "cyberhack[ing]," "intentionally providing access to DOJ to criminals," and "theft"); *id.* at 3 (requesting the Court deport individuals "involved in *such crimes*"). "It is well established that this Court lacks jurisdiction over claims of criminal conduct and 'has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code.'" *Doiban v. United States*, 173 Fed. Cl. 527, 536 (2024) (quoting *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994)). Thus, the Court lacks jurisdiction over Plaintiff's criminal claims.

[3] Plaintiff's claims are also barred by 28 U.S.C. § 1500. Section 1500 "divests the court of jurisdiction when a related action is pending in another court." *Brandt v. United States*, 710 F.3d 1369, 1373–75 (Fed. Cir. 2013) (discussing 28 U.S.C. § 1500); 28 U.S.C. § 1500 (providing that this Court "shall not have jurisdiction of any claim . . . for or in respect to which the plaintiff . . . has pending in any other court"). When Plaintiff filed this case, Plaintiff had another active case in the United States District Court for the Southern District of Georgia. *Alvar v. Asian Indians et al.*, No. 4:25-cv-125 (S.D. Ga. 2025) (the District Court Action). Plaintiff's District Court Action appears to reference similar facts, including "unlawful access of DOJ/DOE/DOT/DOI," "murder," and "stalking" with some sort of connection between (i) the Department of Energy, Department of Transportation, and Department of Justice and (ii) Asian Indians. *Compare id.*, ECF No. 1 at 1–8, *with* Compl. at 1–3. Because the District Court Action was pending when Plaintiff filed in this Court, this Court lacks jurisdiction over Plaintiff's claims under Section 1500.

[4] The frivolity of Plaintiff's baseless claim for over $10 billion in damages could also provide a separate ground for dismissal under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). Section 1915, which permits individuals who cannot afford a federal court's filing fees to pursue their *claims in forma*

4

*v. United States*, No. 24-cv-1563, 2024 WL 4851311, at *4 (Fed. Cl. Nov. 21, 2024) (finding claim for $100 million without justification frivolous).

*Second*, this Court additionally lacks jurisdiction to grant Plaintiff the relief she seeks. Plaintiff requests the Court "deport & arrest international & domestic Asian Indians involved in such crimes" described in Plaintiff's Complaint. Compl. at 3. This Court only possesses the limited jurisdiction granted to it by the Tucker Act to render "judgment . . . for liquidated or unliquidated damages" in cases "against the United States." 28 U.S.C. § 1491(a)(1); *see also* 28 U.S.C. § 1491(a)(2) (permitting the Court, "as an incident of and collateral to any such judgment, [to] issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records"); *United States v. King*, 395 U.S. 1, 4 (1969) ("[C]ases seeking relief other than money damages from the Court of Claims have never been 'within its jurisdiction.'"); *see Shelden v. United States*, 742 F. App'x 496, 502 (Fed. Cir. 2018) ("[T]he Claims Court 'has no power to grant affirmative non-monetary relief unless it is tied and subordinate to a money judgment.'" (quoting *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998))); *Hernandez v. United States*, 141 Fed. Cl. 454, 462 (2019) (noting that this Court lacks jurisdiction "to entertain any of [plaintiff's] claims that seek nonmonetary relief, such as ordering the arrest and prosecution of various individuals" named in the complaint). It is facially evident from the Complaint that Plaintiff's non-monetary request for relief—namely the deportation and arrest of certain individuals—is not "tied and subordinate to a money judgment." *Shelden*, 742 F. App'x at 502. Accordingly, this Court lacks jurisdiction to order the arrest or deportation of certain individuals, as Plaintiff requests.

---

*pauperis* without prepayment of the filing fees, mandates that a "court shall dismiss the case at any time" if the action "is frivolous or malicious." 28 U.S.C. § 1915(a)(1), (e)(2)(B)(i).

5

## CONCLUSION

For the reasons discussed above, Plaintiff's Complaint (ECF No. 1) is **DISMISSED** for lack of subject matter jurisdiction pursuant to Rule 12(h)(3). Further, Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) is **DENIED** as incomplete.[5] The Clerk of Court is **DIRECTED** to enter Judgment accordingly.

IT IS SO ORDERED.



*Eleni M. Roumel*
ELENI M. ROUMEL
Judge

---

[5] Plaintiff's Motion to Proceed *In Forma Pauperis* is incomplete in several respects. For example, Plaintiff indicates that she pays for expenses through "savings," but fails disclose how much money she "ha[s] in cash or in a checking, savings, or inmate account." ECF No. 2 at 2. Plaintiff also failed to fully respond to questions three and eight. *Id.*